SIGNED.

Dated: January 7, 2013

*James M. Marlar*

**James M. Marlar, Chief Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| EVERARDO QUINTERO-FAVELA, | No. 0:12-bk-18101-JMM |
| Debtor. | **MEMORANDUM DECISION** |

## INTRODUCTION

Before the court is the Trustee's motion for disgorgement of excess or unreasonable fees paid to Debtor's attorney (ECF No. 15). This court has the authority to review fees paid to Debtor's counsel pursuant to 11 U.S.C. § 329. After notice and hearing and review of the entire case, this court now rules.

## PROCEDURE

This case presents a "core" proceeding to the court. 28 U.S.C. § 157(b)(2)(A).

## FACTS

The Debtor filed her Chapter 7 petition on August 13, 2012. The Debtor's schedules showed:

- No real property;
- A small, routine amount of personal property, including two vehicles (neither listed as exempt in Schedule C);
- No secured creditors;
- Seventeen unsecured creditors with debts totaling $34,549;
- Only 5 of 39 questions were answered in the statement of financial affairs (the rest being answered "none");

After the Trustee held the § 341(a) meeting, and began pursuit of the non-exempt vehicles, Debtors' counsel filed a flurry of pleadings designed to save the vehicles for the Debtors, and accomplish what should have been done in the originally-filed schedules. This was sloppy at best, incompetent at worst.

## **CONCLUSION**

Debtor's counsel received a fee of $2,380 for this minimalist effort. A reasonable fee would be $1,500. Counsel shall disgorge $880 to the Trustee for distribution to creditors. This shall be done within 30 days. Once received, the Trustee shall file a receipt with the court. A final order will be separately entered. Any appeal must be filed within 14 days after its entry on the docket. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

To be NOTICED by the BNC ("Bankruptcy Noticing Center") to:

Attorney for Debtor
Debtor
Trustee
Office of the U.S. Trustee